Modified.

## In re GRUPE.
### Patent Appeal No. 2696.

**Court of Customs and Patent Appeals.**
April 27, 1931.

Henry J. Lucke, of New York City (Walter F. Kaufman, of Lancaster, Pa., and Paul A. Blair and J. H. Kilcoyne, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner in rejecting claims 1 to 9, inclusive, of appellant's application for a patent upon an alleged invention of new and useful improvements in cork envelopes for laundry rolls. The rejection was made on the following references: Smith, 456,068, July 14, 1891; Smith, 484,345, October 11, 1892; Stone, 842,356, January 29, 1907; Charlton, 1,149,551, August 10, 1915; Busch, 1,532,-682, April 7, 1925; Decker, 1,570,231, January 19, 1926.

We have selected three claims as typical of the claims at issue, and which are as follows:

"2. An envelope for rolls of mangles and the like and subject to laundering temperature of 212° F. comprising a mass of flat cork particles bound to one another by resins natural in cork, said envelope extending substantially continuously from end to end of the roll and means for removably locking the cork envelope to the roll."

"8. A padding for laundering machines and subject to laundering temperatures of 212° F. comprising a mass of cork particles of substantially flat formation bonded to one another to be disposed with their flat faces substantially parallel to one another and under pressure and at a temperature materially exceeding 300° Fahrenheit."

"9. A facing for rolls for laundering machines and subject to the temperature of 212° F. comprising a mass of cork particles of substantially flat formation bonded under pressure to one another to be disposed in planes substantially radially and substantially at right angles to the axis of the roll and at a temperature materially exceeding 300° Fahrenheit."

The device involved herein is a cork padding for covering an ironing device, specifically a roll, in a pressing machine. The specification discloses that the appellant's product is composed of flat pieces of cork laid in a mold parallel to each other, and then subjected to tamping and pressing operations under heat of such a degree that the natural resins of the cork exude and form a binder by which the entire mass is cemented into one homogeneous element. The mold in which the padding is made is in a semicylindrical or other similar form, so that the padding, when completed, will fit the roll of the mangle upon which it is to be used. As shown by figure 6 of applicant's drawings and as claimed in said claim 9, when this cork padding is in place upon the laundry machine, the flat particles in the padding occupy a radial position at right angles to the axis of the roll upon which the padding is placed. It is plain from a study of the specification and drawings that the cork particles are to be flat and are to be placed in the mold as above set forth.

It is claimed a material made in this way will resist high temperature and the wear and tear incident to a laundry mangle much better than any other cork material or composition ever yet devised, and therein accomplishes a new and useful result not heretofore known to, or practiced by, the art.

In connection with this claim the affidavit of Edward Cornell Emanuel, which was executed March 26, 1931, is proffered by counsel for appellant, with the request that it be filed and considered here. We said in Re Fisher, 37 F.(2d) 628, 17 C. C. P. A. 864, and again in Re Coley, 40 F.(2d) 982, 17 C. C. P. A. 1174, that, under the statute, this court would consider nothing except such matters as appear upon the record and were considered by the tribunals of the Patent Office. The affidavit, therefore, will not be received, filed, or considered by the court.

A consideration of the references, in view of the concurring action of the Patent Office tribunals, is essential. The reference Smith, 456,068, shows a cork composition made by taking cork particles of various sizes and shapes and subjecting the same to heat and resulting cementation together, by means of the natural resin of the cork. The reference Smith, 484,345, shows a similar process, the particles being pieces of any size, such as ordinary cork refuse. Stone shows an apparatus for, and method of, making cork sheets or strips by the use of granulated cork, which is passed in a layer through a heater, where it is compressed and by which it is cemented together into a strip. Charlton shows a squeeze roll having detachable lags carried by a core, and with a curved outer covering, preferably rubber, for use in washing machines.

Busch is said by the Patent Office tribunals to be the most pertinent reference herein. The Busch product is a covering for rolls used in textile machines, and is composed of cork. In making this cork covering for such rolls, Busch takes granules of cork of various sizes and forms and compresses the same together with a binder of glycerine-gelatine, so that the granules become flattened and bound together by the binder into one homogeneous mass. Strips of this material are then taken for the covering of such textile rolls, so that when the same are in place upon the outer surface of the rolls, the flattened granules in the layer will be disposed "edgewise to the working surface of the roll." The reference Decker shows a padding for ironing rolls composed of blocks of the desired thickness, constructed of ground cork, compressed together.

It is quite apparent there is nothing new or novel in the use of detachable padding for mangle rolls, nor is there anything new or novel in the use of a padding composed of artificial cork. The appellant insists, however, that he has added something to the art in the particular kind of a cork padding he has devised. It appears to us that in this view he is justified. None of the references shows a material such as he has produced. The nearest approach is Busch, and, while Busch shows a flattening of the cork particles of which his roll is composed, it is quite apparent that the same effect is not produced by the flattening of an irregularly shaped granule of cork, as that which is produced by a particle of cork which is uniformly flattened before it is used. In the former case, the flattened granule must be and will be somewhat irregular in shape. In the latter case this will not be true. We are unable to say that this will not produce a new and useful result. It is a new product, not known to the art, and it appears that the appellant

938

has made an invention. We also are unable to see that the products shown by the references, and appellant's product, are equivalents.

It is argued by the solicitor for the Patent Office that appellant's claims describe his product by the process of making it, and he insists that our decision in In re Butler, 37 F.(2d) 623, 17 C. C. P. A. 810, holds that the process by which the article is made is immaterial in the consideration of a product claim. The case cited goes further than the argument made, and holds that, where an inventor has created a new thing which cannot be properly discriminated in a claim from the prior art otherwise than by reference to the process of producing it, such reference is proper. Even if the contention of the solicitor were correct, omitting any portion of the claims in issue which might be held to be descriptive of the process, we are of opinion sufficient remains to describe a product which is new and inventive.

The appellant has shown in his drawings, figure 7, and has described in his specification, as one possible specific form of his product, a padding formed "from a mixture of relatively thick particles 31 and thin particles 32, as by intermixing granular cork waste or ground cork disk waste with 'ground' cork flakes in varying proportions. * * *" This specific form of appellant's disclosure is fully anticipated by the references. The claims in issue, however, are not framed on this form.

We are of opinion that the appellant's claims 1 to 9, inclusive, should be allowed, and the decision of the Board of Appeals is hereby reversed, and patent will issue on said claims.

Reversed.